# IN THE UNITED STATES DISTRICT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **DAVID LANKFORD**  )  <br>   Plaintiff;  ) <br>   ) <br> v.  ) <br>   ) <br> **FOUNDATION ONE, BENEFIT**  ) <br> **PLANNERS, & VALLEY SERVICES**  ) <br>   Defendants.  ) | **CIVIL ACTION NO.:** <br> _____ |

## ANSWER

Valley Services, Inc. ("Valley" or "Defendant"), a Defendant in the above captioned matter, answers Plaintiff David Lankford's Complaint ("Complaint").

## AFFIRMATIVE DEFENSES

Valley pleads the following Affirmative Defenses:

## FIRST DEFENSE

The Complaint fails to state a claim on which relief can be granted.

## SECOND DEFENSE

Valley has complied with all provisions of the Foundation One Security Plan (the "Plan") and has not breached any of the terms of the Plan.

## THIRD DEFENSE

Defendants did not abuse their discretion in denying medical benefits to Plaintiff.

## FOURTH DEFENSE

To the extent that Plaintiff has sustained any damages recoverable in this action, he has failed to mitigate the consequences of the damages or harm of which he complains.

**FIFTH DEFENSE**

Plaintiff is entitled to no medical benefits under the terms of the Plan.

**SIXTH DEFENSE**

Any and all state law claims are preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 et seq.

**SEVENTH DEFENSE**

As a matter of law, under ERISA Plaintiff cannot recover extra-contractual damages, including compensatory and punitive damages.

**EIGHTH DEFENSE**

Health benefits under the Plan covering employees in Plaintiff's job classification were underwritten and insured by American Fidelity Assurance Company and Valley has no liability for paying health benefits.

**NINTH DEFENSE**

Plaintiff has failed to exhaust his administrative remedies.

**TENTH DEFENSE**

Plaintiff's state law claims, to the extent not preempted by ERISA, are barred by the statute of limitations.

**ELEVENTH DEFENSE**

Defendant denies any willful, wanton, malicious, intentional, reckless or other acts or omissions which might entitled Plaintiff to punitive damages.

## TWELFTH DEFENSE AND ANSWER TO
## THE ALLEGATIONS OF THE COMPLAINT

Valley reserves the right to articulate additional defenses of which it may become aware during the course of the litigation.

Answering the separately numbered paragraphs of the Complaint, Valley states:

### Count I - Benefits

1. Valley admits that the Foundation One Security Plan is underwritten and insured by American Fidelity Assurance Company and that Benefit Planners acts as third party administrator for the Foundation One Security Plan and denies the remaining allegations of Paragraph 1 of Count I of the Complaint.

2. Valley, for lack of information sufficient to justify a belief, denies the allegations of Paragraph 2 of Count I of the Complaint.

3. Valley, for lack of information sufficient to justify a belief, denies the allegations of Paragraph 3 of Count I of the Complaint.

4. Valley, for lack of information sufficient to justify a belief, denies the allegations of Paragraph 4 of Count I of the Complaint.

Valley denies each and every allegation contained in Count I of the Complaint which is not specifically admitted above and denies that Plaintiff is entitled to any relief requested related to Count I of the Complaint.

**Count II - Fraud**

1.	Valley answers the allegations re-alleged and incorporated by reference into Paragraph 1 of Count II of the Complaint in accordance with its answers to the allegations of Paragraphs 1-4 of Count I of the Complaint hereinabove.

2.	Valley denies each and every allegation made in Paragraph 2 of Count II of the Complaint.

3.	Valley denies each and every allegation made in Paragraph 3 of Count II of the Complaint.

4.	Valley, for lack of information sufficient to justify a belief, denies the allegations of Paragraph 4 of Count II of the Complaint.

5.	Valley denies each and every allegation made in Paragraph 5 of Count II of the Complaint.

6.	Valley denies each and every allegation made in Paragraph 6 of Count II of the Complaint.

7.	Valley denies each and every allegation made in Paragraph 7 of Count II of the Complaint.

8.	Valley denies each and every allegation made in Paragraph 8 of Count II of the Complaint.

9.	Valley denies each and every allegation made in Paragraph 9 of Count II of the Complaint.

Valley denies each and every allegation contained in Count II of the Complaint which is not specifically admitted above and denies that Plaintiff is entitled to any relief requested with respect to Count II of the Complaint.

**DEFENDANT'S REQUEST FOR ATTORNEY'S FEES AND COSTS**

Pursuant to ERISA § 502(g), Valley prays that this Court, upon dismissing this Complaint, order Plaintiff to pay Valley's reasonable attorney's fees and costs.

                                                        _____

ONE OF THE COUNSEL FOR DEFENDANT,
Valley Services, Inc.

Jonathan S. Harbuck (AL# ASB-0906-U70J)
Elizabeth P. Odom (AL# ASB-8215-L64O)
THE KULLMAN FIRM
A Professional Law Corporation
600 University Park Place, Suite 340
Birmingham, Alabama 35209
(205) 871-5858 Phone
(205) 871-5874 Fax

**CERTIFICATE OF SERVICE**

  I hereby certify that I have on this 17th day of February, 2005, caused a copy of the above and foregoing to be served by United States Mail, postage prepaid, upon the following:

    Myron Allenstein
    Rose Marie Allenstein
    Allenstein & Allenstein, LLC
    141 South 9th Street
    Gadsden, AL 35902-0487

                _____